UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GHEORGHE CHIHAI,<br><br>               Plaintiff,<br>     v.<br><br>PAMELA BONDI, et al.,<br><br>               Defendants. | CASE NO. 2:25-cv-01477-LK<br><br>ORDER GRANTING MOTION TO STAY |

This matter comes before the Court on Defendants' Motion to Stay. Dkt. No. 14. For the reasons stated below, the Court grants the motion.

## I.    BACKGROUND

Plaintiff Gheorghe Chihai brought this litigation under the Administrative Procedure Act and Mandamus Act seeking to compel Defendants to adjudicate his asylum application. Dkt. No. 1 at 1, 5–6; *see also* Dkt. No. 8 at 1. In October 2025, the Court granted the parties' joint request for a stay until February 26, 2026, to allow USCIS to conduct an asylum interview and work towards completing an adjudication, and in hopes of resolving this matter without further litigation. Dkt. Nos. 8, 9. Chihai "attended an asylum interview on December 3, 2025." Dkt. No. 14 at 2. On

ORDER GRANTING MOTION TO STAY - 1

February 26, 2026, the parties filed a second stipulated motion to hold this case in abeyance for 30 days, Dkt. No. 11, which the Court granted, Dkt. No. 12.

On March 30, 2026, Defendants filed the present motion to stay the case "for 60 days, or until May 29, 2026," Dkt. No. 14 at 5, "to allow USCIS time to issue further guidance, which will determine how to proceed with Plaintiff's I-589 application," *id.* at 4. This request follows from recent USCIS policy changes regarding "the vetting of benefit requests pending with the agency, including asylum applications." *Id.* at 3. Defendants' motion represented that, as of the date of its filing, "a hold is currently in place for all Forms I-589, regardless of the alien's country of nationality, pending a comprehensive review." *Id.* Nevertheless, Defendants stated that USCIS was "working to complete adjudication of Plaintiff's I-589 application, including vetting and background checks." *Id.*

On April 2, 2026, Defendants filed a status report stating that USCIS "lift[ed] its hold," and "reasonably anticipates that it will be able to start adjudicating certain I-589 applications within the next few weeks." Dkt. No. 16 at 1. Defendants aver that USCIS "expects that it will be able to adjudicate Plaintiffs' I-589 application, absent unforeseen or exceptional circumstances, within 90 days[.]" *Id.* at 1–2.

Chihai opposes the motion. Dkt. No. 17. He argues that "[a]gency policies . . . cannot excuse an agency from its duty to adjudicate applications within a reasonable time," and to the extent Defendants' motion was "premised on the existence of a policy-based hold on asylum applications," that justification that "no longer exists" considering Defendants' representation that "the hold has been lifted[.]" *Id.* at 2–4. Additionally, Chihai avers that he "has already agreed to approximately 150 days of delay," and "an additional stay would reward continued delay without any assurance of resolution." *Id.* at 3. He adds that "[f]urther delay would perpetuate the exact harm that this action seeks to remedy," and the "prolonged delay has caused significant hardship,"

ORDER GRANTING MOTION TO STAY - 2

which "[e]ach additional delay exacerbates[.]" *Id.* at 3–4. Finally, he argues that Defendants' proposed timeline for adjudication in Docket Number 16 "provides no guarantee of resolution and leaves open the possibility of further delay." *Id.* at 4.

## II.  DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The Court finds that a short additional stay is appropriate here. While Chihai may face hardship with additional delay, the concerns of delay are mitigated by the following facts: (1) USCIS conducted his interview in December 2025, Dkt. No. 14 at 2; (2) USCIS represented in March that despite the hold, it was "working to complete adjudication of Plaintiff's I-589 application, including vetting and background checks" during USCIS's hold on adjudications, *id.* at 4; and (3) USCIS now represents that Chihai's adjudication should be completed soon, Dkt. No. 16 at 1–2. As Defendants point out, "[a]djudicating Plaintiff's application will moot this litigation," so "staying this case for a limited time will conserve Court and party resources in a case that is likely to resolve soon." Dkt. No. 18 at 1. The Court finds that a continued stay of this case until May 29, 2026 will promote the orderly course of justice as well as preserve the parties' and the Court's resources. Therefore, the Court GRANTS Defendants' Motion to Stay. Dkt. No.

ORDER GRANTING MOTION TO STAY - 3

14. The case shall remain stayed until May 29, 2026. The parties shall file a joint status report on or before that date.

Dated this 24th day of April, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO STAY - 4